**Sal BUA and Jorge Rios, Plaintiffs,**

v.

**COUNTY OF SAN DIEGO, et al., Defendants.**

No. 87–1395–E (CM).

United States District Court,
S.D. California.

March 2, 1990.

Roy L. Landers, APC, San Diego, Cal., for plaintiffs, Bua & Rios.

Lloyd M. Harmon, Jr., County Counsel, County of San Diego, Daniel J. Wallace, Chief Deputy by Ricky R. Sanchez, Deputy, San Diego, Cal., for defendant County of San Diego.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge, sitting by designation.

The complaint in the instant case named as defendants the county of San Diego, its

chief administrator and its board of supervisors alleging that the plaintiffs were victims of racial discrimination and racial harassment in violation of Title VII, 42 U.S.C. § 2000e et seq. The plaintiffs sought declaratory and injunctive relief, compensatory and punitive damages, attorneys fees and costs. Commencing on November 14, 1989, the claims were tried to the court. At the directed verdict stage, the court dismissed the claims against the county's chief administrator and board of supervisors, struck the claim for punitive damages and dismissed the racial harassment claim. After the submission of all the evidence, the court directed the parties to file written summations; such memoranda have been filed, and the remaining claim of racial discrimination is ripe for resolution. Judgment will be entered in favor of the plaintiffs.

## THE PLAINTIFFS' ALLEGATIONS

The plaintiffs, Mr. Bua and Mr. Rios, are two hispanic males who allege that they were victims of racial discrimination at their workplace, the county offices of San Diego. They claim that the defendant's use of provisional and temporary appointments provided the opportunity for the defendant to base promotions on illegal factors, such as race and national origin, and to circumvent the consent decree which sets forth certain hiring and promotional policies in regard to women and minorities. In particular, the plaintiffs allege that they have been denied promotions from Analyst III to Analyst IV because, unlike their white counterparts, they were not allowed to gain experience as an Analyst IV in a provisional or temporary appointment by reason of intentional discrimination against them and other minorities.

## FINDINGS OF FACT

The defendant county fills its Analyst IV positions, on a permanent basis, with candidates whose names appear on an eligibility list. Applicants are certified or eligible to be on the list after applying for the position and passing a civil service examination. The eligibility list contains the names of the top 20 prospective employees. In the interim, between the time of the vacancy and the compilation of the eligibility list, the defendant places an employee in a provisional or temporary appointment for up to six months or until the eligibility list is prepared. This type of appointment is an integral part of the defendant's hiring scheme. The provisional or temporary appointment prevents the interruption of work during the hiring process. It also provides the appointee with on the job training.

Hiring decisions are made in accordance with the civil service merit system; however, the provisional or temporary appointments are not within the civil service merit system. The appointments are made by individual department heads and are reviewed by the office of equal employment opportunity management; that office has no veto power over the decision. The system has no built in assurances against hiring decisions being made on a purely subjective basis.

Both plaintiffs have been working in the position of Analyst III for at least ten years and both have applied for and were qualified for promotions to Analyst IV, or its equivalent, but neither has been selected for advancement. Mr. Bua was certified for promotion to Analyst IV once in 1982; Mr. Rios was similarly certified four times—once in 1981, twice in 1983, and once in 1984. In each of the aforementioned instances, the positions sought by the plaintiffs were initially filled by provisional or temporary appointees who were white. Those appointees were subsequently chosen to fill the Analyst IV position on a permanent basis.

Victor Nieto, the county's director of equal employment opportunity management, testified that during the relevant time period, provisional or temporary appointments were used to advance majority employees; he further stated that the system was changed in 1986; now, the provisional or temporary appointment system is equally applicable to all employees. He also testified that generally the provisional

temporary appointee ultimately was hired to fill the job on a permanent basis.

## CONCLUSIONS OF LAW

The plaintiffs assert that they have proved discrimination based on race through both the disparate treatment theory and the disparate impact theory. The court is persuaded that the plaintiffs have proved unlawful discrimination via the disparate treatment theory.

■ In order to prevail on a claim of disparate treatment based on race, the plaintiffs must prove that the acts of the defendant were intentionally discriminatory. *See Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981); *McDonnell Douglas v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Disparate treatment can be established through direct proof of intentional discrimination, or by circumstantial evidence adequate to create an inference that an employment decision was based on illegal criteria. *Jauregui v. City of Glendale,* 852 F.2d 1128, 1134 (9th Cir.1988) (citing cases).

■ The record requires the conclusion that the plaintiffs were not promoted to the position as an Analyst IV as a result of intentional discrimination. Even if the plaintiffs did not have the benefit of Mr. Nieto's opinion that provisional and temporary appointments were used unlawfully, the circumstantial evidence is sufficient to raise an inference of illegal discrimination. In each position at issue, the provisional or temporary appointments were used, the appointees were white, and the appointees eventually were given the job on a permanent basis. When making those appointments, the department heads were acting outside the normal civil service merit system and knew that their decisions could not be challenged by the equal opportunity management office.

Since the court was satisfied that the plaintiffs had proved a prima facie case of discrimination, the defendant was then required to state a legitimate reason for its course of action. The defendant has not met its burden of producing a legitimate reason for excluding the plaintiffs from the pool of potential provisional or temporary appointees. The county did furnish a valid reason for the use of the provisional or temporary appointment system, i.e., to prevent work interruption during the creation of an eligibility list; however, that showing does not satisfy the defendant's burden of supplying a legitimate reason for excluding hispanics from temporary or permanent appointments.

## REMEDIES

■ The plaintiffs seek a declaration that the defendant's practice of excluding minorities from provisional or temporary appointments is unlawful and also an order enjoining that practice. The plaintiffs are entitled to a declaration that the exclusion of minorities from provisional or temporary appointments prior to 1986 was illegal. Since the uncontradicted evidence established that this practice ceased in 1986, no injunctive relief will be granted.

■ The plaintiffs are entitled to retroactive promotions and awards of back pay. 42 U.S.C. § 2000e–5(g). Back pay may only be awarded for up to two years prior to the filing of the charge with the Equal Opportunity Employment Commission. In the instant case, both plaintiffs filed their charges on May 4, 1986. Accordingly, each plaintiff will be awarded back pay in an amount equal to the difference in pay between that of an Analyst III and an Analyst IV from May 4, 1984, until such time as they receive actual promotions to Analyst IV.

■ The plaintiffs, as prevailing parties within the meaning of 42 U.S.C. § 2000e–5(k), are entitled to a reasonable attorney's fee as part of their costs. The court will grant an award of attorney's fees but will require additional submissions on the issue of the reasonableness of the fees. In the last two paragraphs of plaintiffs' reply brief, plaintiffs' counsel states that he has fifteen years experience, has lodged over 500 hours on this case, and

charges $150.00 per hour. Thus, he requests $75,000.00 as his fee.

■ The court will defer determining the amount of the attorney's fee for two reasons. First, the application in its present state does not satisfy the contours of *Hensley v. Eckerhart*, 461 U.S. 424, 430, 103 S.Ct. 1933, 1938, 76 L.Ed.2d 40 (1983). Second, the amount requested has first appeared in plaintiffs' reply brief. Since the defendant has not had an opportunity to respond as to the reasonableness of the fee requested, it shall be afforded an opportunity to do so. Accordingly, plaintiffs' counsel will have until March 20, 1990, to serve and file his application for attorney's fees; the defendant will have until April 6, 1990, to serve and file an opposition, if any. The plaintiffs shall have until April 16, 1990, to serve and file a reply brief.

Therefore, IT IS ORDERED that the clerk be and hereby is directed to enter judgment in favor of the plaintiffs, with costs and attorney's fees against the defendant.

IT IS ALSO ORDERED that each plaintiff be and hereby is awarded back pay in an amount equal to the difference in pay between that of an Analyst III and an Analyst IV from May 4, 1984, until such time as they receive promotions to Analyst IV.

IT IS FURTHER ORDERED that the defendant's practice of using permanent and temporary appointments to the exclusion of minorities be and hereby is declared unlawful.

IT IS FURTHER ORDERED that the plaintiffs' application for injunctive relief be and hereby is denied.

IT IS FURTHER ORDERED that the plaintiffs' counsel will have until March 20, 1990, to serve and file his application for attorney's fees; the defendant will have until April 6, 1990, to serve and file an opposition, if any. The plaintiffs shall have until April 16, 1990, file a reply brief.