947 F.2d 950
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose MORENO, Plaintiff-Appellant,
v.
COUNTY OF SAN DIEGO, Defendant-Appellee.
 No. 90-56270.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1991.
Decided Nov. 5, 1991.
 
 Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 After receiving a determination of no discrimination from the Equal Employment Opportunity Commission, Jose Moreno brought this action in the district court against his employer, the County of San Diego, alleging various violations of Title VII, 42 U.S.C. §§ 2000e et seq. After a full bench trial, the district court held that the County had not violated Title VII and denied relief. Moreno appeals alleging bias and prejudice of the district court, and numerous errors of fact and law.
 
 
 3
 The record fails to support Moreno's charges that the district court was so biased or prejudiced against him that reversal is required. Bias or prejudice for purposes of 28 U.S.C. §§ 144 and 455 must stem from an extra-judicial source, not from information gained in the course of the proceeding. In re Manoa Finance Co., Inc., 781 F.2d 1370, 1373 (9th Cir.1986), cert. denied, 479 U.S. 1064 (1987). Moreno did not sustain the "greater burden" of demonstrating bias required of a litigant who fails to move for recusal in the district court. See United States v. Sibla, 624 F.2d 864, 868 (9th Cir.1980).
 
 
 4
 Moreno's chief evidence of bias is the court's use of the "outrageously offensive" term "Mexican Mafia." In employing this term, however, the court was simply commenting on evidence in the record, not addressing Moreno's character. This evidence falls well short of the requisite showing.
 
 
 5
 The district court held that Moreno failed to make out a prima facie case for disparate impact under Title VII. This determination was based on a permissible reading of the requirements imposed by the Supreme Court in Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989). Wards Cove requires the plaintiff seeking to use statistics to make out a prima facie case for disparate impact to demonstrate a disproportion between the number of members of a protected group in a certain job position and their number in the pool of qualified persons in the labor market. Id. at 650-51. Moreno's statistics fail to make the relevant comparison.
 
 
 6
 The district court found a prima facie case stated for some of the several disparate treatment claims advanced by Moreno and thus denied the County's motion under Fed.R.Civ.P. 41(b). The court held, however, that the County successfully rebutted these claims in its defense.[1] On balance, the evidence Moreno presented to show that he had been the victim of racial discrimination was simply inconclusive. Moreno's failure to demonstrate that he was discriminated against also precludes his claim that the County violated the consent decree in United States District Court for the Southern District of California Case No. 76-1094-S.
 
 
 7
 Finally, because the issues in Bua v. County of San Diego, 731 F.Supp. 962 (S.D.Cal.1990), are distinguishable, and because the district court articulated a reasoned basis for its decision not to invoke collateral estoppel, we cannot say the district court abused its discretion in declining to apply that doctrine in this case. Cf. United States v. Geophysical Corp. of Alaska, 732 F.2d 693, 697 (9th Cir.1984).
 
 
 8
 For the foregoing reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For example, Moreno placed particular emphasis on the use of the term "Mexican Mafia" in relation to Hispanic higher-ups in county government as proof of intent to discriminate. The County, however, successfully demonstrated that the people charged with discriminating against Moreno were never convincingly linked to the use of the term