28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eleazar VILLEGAS, Plaintiff-Appellant,
v.
Charles D. MARSHALL, Defendant-Appellee.
 No. 93-17087.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided June 20, 1994.
 
 1
 Before: WALLACE, Chief Judge, CANBY, Circuit Judge, and KELLEHER,** District Judge.
 
 MEMORANDUM
 
 2
 Villegas appeals from the summary judgment entered in his 42 U.S.C. Sec. 1983 action in favor of Johnson, Jourdan, and Linfor (prison officials), all employees of the California Department of Corrections at the Pelican Bay State Prison. The district court had jurisdiction pursuant to 28 U.S.C. Sec. 1331. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Villegas argues that the district court should have accepted his retaliation claim. Dismissal is reviewed for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Villegas was given two opportunities to link the alleged acts of retaliation to any of the prison officials but did not do so. Dismissal of the retaliation claim was not an abuse of discretion.
 
 
 4
 Villegas argues that the district court should have provided injunctive relief. He requested injunctions (1) prohibiting his incarceration in any prison experiencing hostilities between Southern California Hispanics and Northern California Hispanics, and (2) prohibiting his transfer from the Folsom prison without his permission. However, Villegas has not shown that the prison officials could grant the relief he requests. In any event, Villegas does not have a constitutional right to be housed in a prison of his choice. Montayne v. Haymes, 427 U.S. 236, 242-43 (1976).
 
 
 5
 Villegas also sought an injunction requiring the prison officials not to retaliate because of this action or his political beliefs. However, he has failed to provide any nonconclusory allegations that the prison officials have ever acted with an improper motive. See Smith v. Sumner, 994 F.2d 1401, 1408 (9th Cir.1993). The district court did not abuse its discretion by dismissing Villegas's claims for injunctive relief.
 
 
 6
 Villegas next argues that the district court abused its discretion in denying his motion for appointment of counsel. Counsel is appointed under section 1915(d) only in exceptional circumstances. Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir.1980). Exceptional circumstances exist only when there is a likelihood of success on the merits and the issues are too complex to be litigated pro se. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). Because Villegas did not show either a likelihood of success on the merits or a complex issue requiring assistance of counsel, the district court did not abuse its discretion in denial of the motion. Id.
 
 
 7
 Villegas contends that Judge Armstrong erred in denying his motion to disqualify pursuant to 28 U.S.C. Sec. 144. He also argues that the motion should have been referred to a different judge for determination. Section 144 requires a legally sufficient affidavit stating facts that show bias or prejudice from an extrajudicial source. United States v. Sibla, 624 F.2d 864, 867-69 (9th Cir.1980). Judge Armstrong properly found Villegas's affidavit legally insufficient because it set forth no facts suggesting bias or prejudice from an extrajudicial source. Because the affidavit was legally insufficient, referral to a different judge was not required. Id. at 868.
 
 
 8
 Villegas argues that the district court erred in granting summary judgement to the prison officials on his claim that they were deliberately indifferent to his personal safety. We review the district court's summary judgment de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). To survive summary judgment, Villegas must show sufficient evidence to establish each essential element of his claim on which he would bear the burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 323 (1986) (Celotex ).
 
 
 9
 Villegas must show (1) that the prison officials, in failing to act, were deliberately indifferent to his safety, and (2) that this indifference was the actual and proximate cause of his injury. Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir.1988). Deliberate indifference exists when there is knowledge of a specific threat to safety coupled with a culpable failure to act on that knowledge. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.1985) (en banc), cert. denied, 428 U.S. 1020 (1986). Negligence or failure to exercise due care is not sufficient. See Reed v. Hoy, 909 F.2d 324, 331 (9th Cir.1990), cert. denied, 111 S.Ct. 2887 (1991).
 
 
 10
 Villegas has not shown that the prison officials were aware of a specific threat to his safety. Tension between Northern California Hispanics and Southern California Hispanics does not constitute a specific threat, see Berg v. Kincheloe, 794 F.2d 457, 461 (9th Cir.1986), and Villegas has not demonstrated that the prison officials were aware of a specific threat of an imminent attack by Southern Hispanics. Because Villegas bore the burden of proof to establish deliberate indifference and failed to establish knowledge of a specific threat, the district court did not err in entering summary judgment in favor of the prison officials. Celotex, 477 U.S. at 323.
 
 
 11
 Villegas also argues that the district court abused its discretion by denying his motions to (1) order all his incoming legal mail to be sealed and labeled "Confidential Legal Mail"; (2) give him a deadline so that he could qualify as a "Preferred Legal User"; and (3) compel discovery. We have carefully reviewed these arguments and find each of them to be without merit.
 
 
 12
 AFFIRMED.
 
 
 13
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4