12 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fred A. WHITAKER, Plaintiff-Appellant,
v.
ALAMEDA COUNTY SUPERIOR COURT, Defendant-Appellee.
 No. 92-17001.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 1, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fred A. Whitaker appeals pro se the district court's denial of his motion for a temporary restraining order and preliminary injunction against the California Court of Appeals. Whitaker also appeals the district court's denial of his motion to disqualify the district court judge. We affirm.
 
 
 3
 * Preliminary Injunction
 
 
 4
 Whitaker contends the district court erred by denying his motion for a preliminary injunction. This contention lacks merit.
 
 
 5
 We have jurisdiction to review the denial of a preliminary injunction. See 28 U.S.C. Sec. 1292(a)(1).[1] We will reverse a district court's denial of a preliminary injunction only if the district court abused its discretion or based its decision on an erroneous legal standard. Senate of California v. Mosbacher, 968 F.2d 974, 975 (9th Cir.1992).
 
 
 6
 In determining whether to grant a preliminary injunction, the district court considers the likelihood of success on the merits and the relative balance of potential hardships to the plaintiff, defendant, and public. Alaska v. Native Village of Venetie, 856 F.2d 1384, 1389 (9th Cir.1988). Under the Rooker-Feldman doctrine, a district court is prohibited from reviewing a state court decision. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). Under the doctrine, a district court may exercise only original jurisdiction, and the United States Supreme Court has exclusive jurisdiction to review state appellate decisions. Id. at 486. See also 28 U.S.C. Sec. 1257.
 
 
 7
 Here, Whitaker sought a preliminary injunction enjoining the California Court of Appeals from upholding the constitutionality of Calif.Code Civ.Proc. Sec. 391, which requires a vexatious litigant to post a security bond before proceeding with any further actions. Whitaker requested the district court to overturn a California Court of Appeals order declaring Whitaker a vexatious litigant on the ground that Cal.Code Civ.Proc. Sec. 391 is unconstitutional.
 
 
 8
 The district court properly held that it lacked jurisdiction to review the California Court of Appeals' decision. See id. Thus, the district court did not base its decision on an erroneous legal standard and properly denied Whitaker's motion for preliminary injunction. See Mosbacher, 968 F.2d at 975.
 
 II
 Denial of Motion to Disqualify Judge Lynch
 
 9
 Whitaker contends the district court abused its discretion by denying his motion to disqualify Judge Lynch. This contention lacks merit.
 
 
 10
 We have jurisdiction to review the district court's denial of Whitaker's motion to disqualify the judge. See Fed.R.App.P. 3(b). We review a district judge's refusal to disqualify himself under 28 U.S.C. Sec. 144 or Sec. 455 for abuse of discretion. E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1294 (9th Cir.1992) (section 144); Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987) (section 455). A judge is required to recuse himself if he has a personal bias or prejudice against a party. Gonzales v. Parks, 830 F.2d 1033, 1037 (9th Cir.1987). A motion to disqualify under section 144 requires the party to file a legally sufficient affidavit alleging facts supporting the claim that the judge is biased or prejudiced against him. United States v. Sibla, 624 F.2d 864, 867 (9th Cir.1980). If the affidavit is legally insufficient or unsupported by a factual basis, then the court must deny the motion. Id. at 868.
 
 
 11
 Here, Whitaker's affidavit merely stated that "Honorable Judge Lynch ... is prejudice[d] and or bias[ed] against the plaintiff or the interest of the plaintiff so that plaintiff believes that he cannot receive a fair and impartial trial/hearing...." This declaration is not legally sufficient and does not set forth the facts upon which Whitaker claims bias or prejudice. Thus, the district court judge did not abuse his discretion by denying the disqualification motion. See id. Moreover, the district court judge did not err by failing sua sponte to recuse himself pursuant to section 455. See id.
 
 III
 Appellee's Request for Sanctions
 
 12
 Appellee requests that we sanction Whitaker $1,000 for filing this appeal. We have discretion to impose sanctions against an appellant for filing a frivolous appeal. Fed.R.App.P. 38. "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). Although we find Whitaker's appeal to be frivolous, in exercise of our discretion, we decline to impose sanctions.[2] Nevertheless, we caution Whitaker that he may be subject to sanctions if he files any additional frivolous appeals in this court.[3]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Whitaker's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We lack jurisdiction to review the district court's denial of Whitaker's motion for a temporary restraining order and dismiss his appeal as to this decision. See Religious Tech. Ctr., Church of Scientology v. Scott, 869 F.2d 1306, 1308 (9th Cir.1989)
 
 
 [2]
 We also deny Whitaker's request that we impose sanctions in the amount of $100,000 against appellee
 
 
 [3]
 We note that this court previously sanctioned Whitaker $250 for filing a frivolous appeal of a district court dismissal of a complaint alleging that Cal.Code Civ.Proc. Sec. 391 is unconstitutional. See Whitaker v. Alameda Superior Court, Nos. 91-16866, 92-15002 (9th Cir. Aug. 4, 1992)