29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James L. O'CONNOR, Plaintiff-Appellant,
v.
HIGHER EDUCATION ASSISTANCE FOUNDATION, Defendant-Appellee.
 No. 93-17268.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 25, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James L. O'Connor appeals pro se the district court's order enforcing a settlement agreement between O'Connor and the Higher Education Assistance Foundation (HEAF) and dismissing the action. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for clear error the district court's finding that the parties reached agreement on settlement terms. See Ahern v. Central Pac. Freight Lines, 846 F.2d 47, 48 (9th Cir.1988). The enforcement of settlement agreements is favored in the law. Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir.1989).
 
 
 4
 This court relies on basic principles of state contract law in interpreting a settlement agreement. See Jeff D., 899 F.2d at 759. Accordingly, here we must apply the contract law of Hawaii. In Hawaii, "the intention of the parties governs the meaning of legal instruments in the construction of contracts." In re Taxes, Aiea Dairy, Ltd. 380 P.2d 156, 160 (Haw.1963); see also Hawaii State Teachers Ass'n v. Hawaii Public Employment Relations Bd., 590 P.2d 993, 997 (Haw.1979) (the terms of a settlement agreement, like other forms of contract, depend on the intent of the parties). "The burden rests with the party attempting to enforce its view of the contract to show that its asserted version of the agreement is what the parties intended." Cunha v. Ward Foods, Inc., 804 F.2d 1418, 1429 (9th Cir.1986) ( citing Hawaii State Teachers, 590 P.2d at 997). Assent to the terms of a settlement agreement can be implied from the circumstances, and conduct inconsistent with a refusal of the terms raises a presumption of assent upon which others may rely. Ahern, 846 F.2d at 49.
 
 
 5
 O'Connor contends that the district court erred by enforcing the settlement agreement because there was never a complete agreement between the parties, but rather a continuing series of negotiations with no final meeting of the minds. This contention lacks merit.
 
 
 6
 The record indicates that on January 27, 1993, HEAF sent O'Connor its written offer to settle this action by (1) making its best efforts to withdraw from credit bureau records its prior default reports concerning O'Connor's student loans by sending a letter approved by O'Connor to the named credit bureaus and requesting that the credit bureaus send confirmation letters to O'Connor; and (2) paying O'Connor the sum of $2,000. Attached to HEAF's offer was a draft letter to the credit bureaus. O'Connor responded to the offer by telephone and requested the larger sum of $3,000. O'Connor also returned the proposed letter to HEAF with corrections but made no other changes to HEAF's proposed settlement offer. HEAF then mailed the agreed letter to nine credit bureaus and sent O'Connor a check for $3,000 which was described on the check stub as "settlement of lawsuit." HEAF also sent O'Connor a proposed dismissal order to be filed in the district court. O'Connor cashed the check but refused to dismiss this action. On HEAF's motion to enforce the agreement, the district court found that O'Connor's actions manifested his acceptance of HEAF's offer. We agree.
 
 
 7
 O'Connor asserts that settlement is not complete because HEAF failed to obtain the requested confirmation letters from each credit bureau. The record is clear, however, that HEAF fully complied with the terms of its settlement with O'Connor. HEAF sent letters to each named credit bureau in language approved by O'Connor and to addresses specified by O'Connor. HEAF's letter asked the credit bureaus to withdraw HEAF's default report from O'Connor's records and requested the credit bureaus to confirm the withdrawal in letters to be sent to O'Connor. HEAF could not, and did not, agree to make the credit bureaus send the confirmation to O'Connor. HEAF sent O'Connor its check for $3,000, which he cashed. As further evidence of its compliance with the settlement agreement, HEAF obtained from the three main credit bureaus affidavits stating that the HEAF default report had been removed from O'Connor's credit report. These actions by HEAF and O'Connor were sufficient to satisfy the agreement. See Hawaii State Teachers, 590 P.2d at 998. Accordingly, the district court did not err by enforcing the settlement agreement.[1] See Ahern, 846 F.2d at 49.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 O'Connor also contends that Magistrate Judge Yameshita wrongfully delayed in recusing himself from this action, and that Magistrate Judge Kurren, who replaced Magistrate Judge Yameshita, did not treat O'Connor fairly. O'Connor failed to raise these issues before the district court, and we have the discretion to decline to address them. See, e.g., Gonzales v. Parks, 830 F.2d 1033, 1037 (9th Cir.1987). In the exercise of our discretion and because O'Connor is proceeding pro se, however, we examine these contentions and find them meritless
 O'Connor sought Magistrate Judge Yameshita's recusal because of rulings in prior cases which were adverse to O'Connor. O'Connor's allegations were not sufficient to require Magistrate Judge Yameshita to recuse himself. See Taylor v. Regents of the Univ. of Calif., 993 F.2d 710, 712 (9th Cir.1993) (per curiam) (judge's prior adverse ruling insufficient cause for recusal), cert. denied, 114 S.Ct. 890 (1994). Additionally, O'Connor has not shown any prejudice from Magistrate Judge Yameshita's alleged delay in recusing himself.
 Although O'Connor now objects to Magistrate Judge Kurren's conduct in this case, O'Connor never filed a motion for Magistrate Judge Kurren's recusal below. In addition, O'Connor's allegations again are insufficient to demonstrate judicial misconduct. Recusal is required only if bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding. Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 885 (9th Cir.1991). O'Connor disagrees with Magistrate Judge Kurren's conduct during the settlement conference. O'Connor's conclusory allegations are insufficient to form a basis for Magistrate Judge Kurren's disqualification. See, e.g., United States v. Sibla, 624 F.2d 864, 868 (9th Cir.1980).