550 F.Supp. 1276 (1982)
Harold R. HOKE, M.D., Plaintiff,
v.
CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY, INC.; Mr. Harold C. Green; Dr. W. Blair Bryan; Dr. O. Hunter Jones and Dr. Robert A. Rimer, Defendants.
No. C-C-74-044-M.
United States District Court, W.D. North Carolina, Charlotte Division.
November 16, 1982.
*1277 William H. Elam, Charlotte, N.C., and McNeill Smith, Smith, Moore, Smith, Schell & Hunter, Greensboro, N.C., for plaintiff.
John G. Golding, Golding, Crews, Meekins, Gordon & Gray, Charlotte, N.C., for defendants.

ORDER
McMILLAN, District Judge.
This suit was started on February 25, 1974. After lengthy proceedings, it was tried to a jury, May 1 through May 11, 1979, on the issue of liability only. The jury found by its verdict that defendants had denied plaintiff due process of law "by suspending him from his privileges to practice medicine and surgery at Charlotte Memorial Hospital, without giving him notice of the charges against him, and notice of the various meetings or proceedings being conducted about his work in December 1973, and an opportunity to present his side of the case."
The question of damages was reserved for later trial.
Three and one-half years later, on November 8, 1982, the case finally reached trial on the question of damages.
At a final pretrial conference on Friday, November 5, 1982, the court eliminated four of plaintiff's significant claims. These were claims alleging (a) wrongful communications with the press; (b) personal bias of members of the trial committee; (c) violation of the Sherman Antitrust Act; and (d) punitive damages. These decisions were listed in a memorandum to counsel which was prepared before court on November 8, 1982, and which appears in the file.
As court was about to begin on Monday, November 8, 1982, defendants' counsel made a motion that I disqualify myself as judge. The reason stated was that in late 1979, after the May 11, 1979, jury verdict in this case, plaintiff had sued a High Point, North Carolina newspaper for breach of an advertising contract and had obtained a consent judgment on the 25th day of February, 1980, and that my son, James B. McMillan, Jr., who lives and practices law in the Middle District of North Carolina, was one of the lawyers representing Dr. Hoke in that case.
I had learned at some time several years ago that my son did represent or had represented Dr. Hoke in that litigation, but thought it of no consequence in this case, and had completely forgotten about it in recent years until counsel for the defendants mentioned it in connection with his motion. The incident appeared to me of no more significance than a number of other irrelevant facts, not mentioned in the motion, such as that a former law partner of mine had drafted the statutes under which Memorial Hospital was organized, and was active in its operation for many years; that many of the people who are listed as witnesses for the defendants, or were participants in the actions about which Dr. Hoke complains, are friends or former clients of mine or have provided treatment, including surgery, for me and members of my immediate family.
The principal reason my son chose to practice law in another district rather than this one is that he wanted to avoid possible disqualifications and conflicts of interest that might arise if he practiced law in the federal court of this district where I do practically all of my work.
No conflict of interest on the part of this court or any counsel is suggested.
No impropriety or partiality is shown.
No violation of any statute, canon of ethics or court decision is shown.
The quartet of rulings against the plaintiff mentioned above, which were made at the final pretrial conference on November 5, 1982, when the High Point situation had been completely out of my mind for at least two years, do not show partiality toward the plaintiff.
The only theory upon which defendants' motion is based is that under 28 U.S.C. *1278 § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."
I have some trouble following the theory that my son's temporary representation of plaintiff in the Middle District of North Carolina, in a separate contract action, shows lack of impartiality on my part.
However, as the late great Professor Bernie Ward of Texas hopefully reminded us, "The judges are not a privileged order; they have no shelter but their innocence." The integrity of the court as a public institution, as seen even through the anxious eyes of litigants, is far more important than any opinion of mine. A plaintiff who contends, and has already proved to one jury, that the public tribunal which suspended his medical privileges denied him his constitutional right to due process of law, should have no objection to a court's leaning over backwards to avoid the possible appearance of unfairness to others, and to be sure that there is no lack of perceived impartiality in this forum.
I have therefore postponed the trial and will take no further part in this case.
The clerk will arrange for the assignment of the case to another judge.