**WILMINGTON TOWING COMPANY, INC., Plaintiff,**

v.

**CAPE FEAR TOWING COMPANY, INC., Defendant.**

**No. 85–14–CIV–7.**

United States District Court, E.D. North Carolina, Wilmington Division.

Jan. 16, 1986.

Petree, Stockton, Robinson, Vaughn, Glaze & Maready, F. Joseph Treach, Jr., Jeffrey C. Howard, Winston-Salem, N.C., for plaintiff.

Burney, Burney, Barefoot, Bain & Crouch, John J. Burney, Jr., Wilmington, N.C., Leonard, M. Gozdecki, Zido, Behnke, Eugene E. Gozdecki, Chicago, Ill., for defendant.

**ORDER**

BRITT, Chief Judge.

This matter is pending before the court on motion by defendant, Cape Fear Towing Company, Inc., for entry of an order of recusal pursuant to the provisions of Title 28, United States Code, Section 455. Defendant has filed a memorandum in support of its motion; plaintiff has filed a

memorandum in opposition thereto; and the matter is ripe for ruling.

My son, Clifford P. Britt (Cliff), is a student at the Wake Forest University School of Law in Winston-Salem, scheduled to graduate in May 1986. He has accepted employment with the law firm of Petree, Stockton & Robinson beginning in August or September 1986, presumably depending upon his successful completion of his final year of law school and the bar examination as administered by the North Carolina Board of Law Examiners. Petree, Stockton & Robinson are counsel for plaintiff. During the summer of 1985 Cliff worked as a summer associate in the corporate section of Petree, Stockton & Robinson for five weeks. At no time during this temporary employment was he involved in any way with the present litigation.

Title 28, United States Code, Section 455 provides as follows:

(a) Any ... judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

. . . . .

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

. . . . .

(ii) Is acting as a lawyer in the proceeding.

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding.

Defendant bases its motion solely on the fact that Cliff worked for the Petree, Stockton & Robinson law firm during the summer of 1985 and has tentatively accepted employment with said law firm after his graduation from law school, thus bringing the question of recusal under section 455(b)(5)(ii). In fact, in its brief defendant specifically states: "Defendant does not

... question ... the ... impartiality of ... Judge Britt."

An analysis of section 455(b)(5)(ii) is, therefore, in order. By its very terms the disqualification cited is applicable only when the relative is *acting* as a *lawyer in the proceeding*. Of course, it is quite evident from reading this record that my son is not a lawyer as he is yet to complete his course of study in law school and pass the bar examination. Further, even if it were to be assumed that he were a lawyer within the meaning of that term as used in this provision, he has not "acted" as a lawyer in this proceeding. It is undisputed that during the five weeks when he worked as an associate with the Petree, Stockton & Robinson firm in the summer of 1985 he did not become involved in any way with this litigation. As pointed out by the United States Court of Appeals for the Fifth Circuit the provision in question requires *actual* participation. "The fears of judicial bias that might result from an offspring's active participation in a proceeding do not merit automatic disqualification of the law firm to which the relative belongs. The 'financial interest' provision might apply if the district judge's son were a partner in the firm. But his status as an associate removes that fear.... His salary interest as an associate is too remote to fall under this 'financial interest' prohibition." *United States ex rel Weinberger v. Equifax, Inc.*, 557 F.2d 456, 463 (5th Cir.1977), *cert. denied*, 434 U.S. 1035, 98 S.Ct. 768, 54 L.Ed.2d 782 (1978). In that case the son of the judge was an associate in one of the law firms participating in the case. If the disqualification does not apply where the son is an associate it does not, *a fortiori*, apply where the judge's son was only a temporary summer employee.

Cases cited and relied on by defendant are distinguishable. In particular, the court notes that Judge McMillan's decision to recuse in *Hoke v. Charlotte-Mecklenburg Hospital Authority, Inc.*, 550 F.Supp. 1276 (W.D.N.C.1982), involved a case in which his son, a practicing attorney, though not representing the party in that

action, had represented the party in another action.

■ Even though the automatic disqualification under section 455(b)(5)(ii) is not applicable, it is the duty of the court to examine "whether his impartiality might reasonably be questioned" under section 455(a) even though, as noted above, defendant has expressly stated that it does not question the judge's impartiality. The only reason cited by defendant in its brief is the fear of an unfavorable verdict and the loss of livelihood for its thirty employees. Thus, they seem to contend that the motion to recuse should be allowed "to remove any doubt or appearance of impropriety which may result from the revelation that the son of the presiding judge is and has been throughout the pendency of this lawsuit associated with the firm which represents plaintiff." As noted earlier, this statement is factually inaccurate as Cliff's association with Petree, Stockton & Robinson was for only a brief five-week period during the summer of 1985. In addition, the court fails to see even an appearance of impropriety occasioned by Cliff's brief tenure with the law firm.

This case is currently scheduled to be tried before a jury beginning on 27 January 1986. The undersigned will preside at that trial endeavoring to give each of the parties the fair and impartial treatment which they expect and which the law and Canons of Ethics require.

The motion for recusal is denied.