95 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John BARTHOLOMEW; Carla Bartholomew, Plaintiffs-Appellants,
v.
Sheryl STASSI-LAMPMAN, Pat Roth et al., Defendants-Appellees.
 No. 94-16200.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1995.
Decided Aug. 21, 1996.
 
 Before: BROWNING, CANBY and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs/appellants John and Carla Bartholomew appeal the district court's judgment granting defendants' motions to dismiss and motions for summary judgment. Plaintiffs alleged violations of their federal civil rights, pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 I.
 
 3
 Three foster children were removed from plaintiffs' home in February 1992. The defendants Sheryl Stassi-Lampman, a former employee of the County of Yuba, and Pat Roth, an employee of the State of California, were involved in this removal. Defendants removed the children on the ground of "imminent danger" without giving prior notice to plaintiffs.
 
 
 4
 Thereafter, plaintiffs filed their complaint against Stassi-Lampman, the County of Yuba, and Roth. The district court dismissed the § 1985 claim because plaintiffs did not allege that the alleged conspiracy to interfere with their civil rights was motivated by some racial, or otherwise class-based, "invidiously discriminatory animus," as required under § 1985. See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993). Consequently, the district court also dismissed the § 1986 claim because that claim survives only if a valid § 1985 claim has been stated. McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir.1990), cert. denied sub nom. Simon Wiesenthal Center for Holocaust Studies v. McCalden, 504 U.S. 957 (1992). Plaintiffs do not appeal the dismissal of the § 1985 and § 1986 claims.
 
 
 5
 The district court dismissed the claims against Roth pursuant to the Eleventh Amendment "to the extent that the claims might be interpreted to sue Roth in her official capacity." Further, the district court granted defendants Stassi-Lampman's and Roth's motions for summary judgment on the ground of qualified immunity. Finally, the district court granted the County's motion for summary judgment on the ground that plaintiffs had not proven the existence of a policy or custom that proximately caused the alleged deprivation of their constitutional rights.
 
 II.
 A.
 
 6
 Midway through the proceedings in district court, plaintiffs' counsel requested that the district judge, Judge William B. Shubb, recuse himself under 28 U.S.C. § 144, because Shubb's daughter was an associate at the law firm that represented the County and Stassi-Lampman. When Judge Shubb refused to recuse himself, plaintiffs filed a motion to disqualify under 28 U.S.C. § 455, which Judge Shubb denied.
 
 
 7
 On appeal, plaintiffs maintain that Judge Shubb was required to recuse or disqualify himself. The district court judge's decision whether to recuse or disqualify himself is reviewed for an abuse of discretion. E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1294 (9th Cir.1992).
 
 
 8
 Section 144 was not implicated in this case because Judge Shubb did not have a personal bias for or against a party to this suit. See United States v. Carignan, 600 F.2d 762, 763-64 (9th Cir.1979). The provisions of § 455, likewise, do not apply here.
 
 
 9
 Judge Shubb did not personally have a financial interest in the case at bar like the judge in Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 866-68 (1988) (holding that judge should have recused himself because he was a trustee of a university that had an interest in the case). Judge Shubb's daughter also did not have a financial interest in the outcome of the case. She did not work on the case; she was an associate who was paid a flat salary. Compare In re Aetna Cas. & Sur. Co., 919 F.2d 1136, 1138, 1143-44 (6th Cir.1990) (finding that disqualification of judge proper because judge's daughter had personally participated as a lawyer in the case) with Wilmington Towing Co. v. Cape Fear Towing Co., 624 F.Supp. 1210, 1212 (E.D.N.C.1986) (finding no appearance of impropriety justifying recusal where judge's son was law clerk who had accepted offer of employment as associate at law firm that represented a party, but had not acted as a lawyer in the case).
 
 
 10
 Plaintiffs also argue that Judge Shubb should not have ruled on the motion to disqualify himself under § 455 or the request to recuse under § 144. A motion to disqualify under § 455, however, is decided by the judge himself. See United States v. Sibla, 624 F.2d 864, 867-68 (9th Cir.1980).
 
 
 11
 Section 144 states that when a party files an affidavit stating that the judge has a "personal bias or prejudice" for or against a party, then "such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Plaintiffs' request to recuse, however, only stated that the judge's impartiality was questionable because of his daughter's employment. Therefore, the affidavit did not state grounds for recusal under § 144, and referral to another judge for determination of the merits of the motion was not necessary. See Sibla, 624 F.2d at 867.
 
 B.
 
 12
 Plaintiffs seek monetary damages against defendant Roth in her official capacity. An official capacity suit against a state officer is barred unless plaintiffs are seeking prospective relief, which they are not. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 & n. 10 (1989) (holding that suits against state governments are not permitted under § 1983 and that suits against state officers in their official capacity are also barred unless plaintiffs are seeking injunctive relief).
 
 
 13
 The district court did not err by dismissing on the ground of Eleventh Amendment immunity the claims asserted against Roth to the extent that they were asserted against her in her official capacity.
 
 C.
 
 14
 Plaintiffs also argue that the district court erred by granting defendants' motions for summary judgment. We review de novo the district court's grant of summary judgment for defendants on the basis of qualified immunity. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996).
 
 
 15
 Social workers performing discretionary functions are entitled to qualified immunity from suits under § 1983 if their official conduct " 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " Caldwell v. LeFaver, 928 F.2d 331, 333 (9th Cir.1991) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "The contours of the right must be sufficiently clear that a reasonable official would understand that what [she] is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).
 
 
 16
 Plaintiffs have not alleged a violation of a clearly established constitutional right. Plaintiffs have not shown that any constitutional right requires social workers to provide pre-removal notice to foster parents if a child is being removed because she is in imminent danger. See Brown v. County of San Joaquin, 601 F.Supp. 653, 659, 661 (E.D.Cal.1985) (recognizing that California law protects the interests of foster parents, but that no pre-removal notice is necessary). This court has held that a state agency may remove a child from a parent's custody if the child is in imminent danger. Caldwell, 928 F.2d at 333; see Baker v. Racansky, 887 F.2d 183 (9th Cir.1989) (social worker immune in emergency removal of child upon allegation of sexual abuse). Other courts have held that when an emergency removal is necessary, the parents' due process rights are satisfied if they are given post-deprivation notice. See Donald v. Polk County, 836 F.2d 376, 381 (7th Cir.1988). The Bartholomews received post-removal notice.
 
 
 17
 Furthermore, we have held that "foster parents do not enjoy the same constitutional protections that natural parents do." Backlund v. Barnhart, 778 F.2d 1386, 1389 (9th Cir.1985); see also Wildauer v. Frederick County, 993 F.2d 369, 373 (4th Cir.1993) (noting that "[s]everal courts have explicitly held that foster parents do not have a constitutionally protected liberty interest in a continued relationship with their foster child") (citing, inter alia, Backlund, 778 F.2d at 1390); Spielman v. Hildebrand, 873 F.2d 1377, 1384 (10th Cir.1989) (noting lack of constitutional protection accorded to foster family relationships). In Backlund, foster parents made § 1983 claims alleging that state officials, who had removed a foster child from the Backlunds' home, violated their right to exercise their religious beliefs about punishment of a foster child. 778 F.2d at 1387, 1389. We noted that the relationship between a foster parent and foster child is a creature of state child welfare statutes, and that those statutes conferred neither new due process rights nor new constitutional rights to exercise of religion. Id. at 1390; see also Smith v. Organization of Foster Families for Equality & Reform, 431 U.S. 816, 845-46 (1977) (discussing due process rights of foster parents, and noting that the foster family relationship is created by state statutes and by contract that afford a "most limited constitutional 'liberty' " interest).
 
 D.
 
 18
 The County only could be liable under § 1983 if defendants Stassi-Lampman and Roth acted unconstitutionally and their conduct implemented or executed a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the County's officers. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91, 694 (1978). Plaintiffs' § 1983 claim against the County fails because they have not alleged a violation of a constitutional right. See id. at 690-91 (deprivation of federally protected rights is a prerequisite to municipal liability under § 1983).
 
 III.
 
 19
 The district judge did not abuse his discretion by not recusing himself or by denying plaintiffs' motion to disqualify. The district court did not err by granting defendant Roth's motion to dismiss on the ground of Eleventh Amendment immunity. The district court also did not err by granting defendants' motions for summary judgment. Plaintiffs have not alleged the violation of a clearly established constitutional right; their § 1983 claims for violation of their constitutional rights therefore must fail.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3