**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard R. SIBLA, Defendant-Appellant.**

No. 78–1724.

United States Court of Appeals, Ninth Circuit.

March 3, 1980.

As Amended on Denial of Rehearing April 28, 1980.

Gary J. Joslin, Salt Lake City, Utah, on brief, for defendant-appellant.

Philip J. McAleer, Asst. U. S. Atty., Los Angeles, Cal., on brief, for plaintiff-appellee.

Before WALLACE and HUG, Circuit Judges, and SOLOMON *, Senior District Judge.

HUG, Circuit Judge:

Richard R. Sibla appeals his conviction on two counts of willful failure to file an income tax return, in violation of 26 U.S.C. § 7203. The sole issue on appeal is whether the district judge committed reversible error in denying Sibla's motion for recusal of the judge. We find no error, and we therefore affirm.

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1. The full text of the statement of which Sibla complains is as follows:

Mr. Sibla. I think it's probably appropriate for the Court to give expression to these views at this time, Mr. Sibla. The posture of this case, as viewed by the Court from the record now before it, seems very clearly to spell out on your part an intention to follow the exact course that has been followed by others similarly situated in other similar cases. As recently as one week ago, a defendant in an identical case—if it were not identical, it appeared in all material aspects to have been so similar as to be characterized as identical to yours—appeared in this court after the Court of Appeals had affirmed his conviction. The Court expressed to that defendant at that time that there had probably been something in the nature of, perhaps, a miscarriage of justice in the mild sentence that was imposed upon that defendant in that case. The Court expressed a hope that, perhaps, he and others similarly situated received some sort of message from the Court of Appeals when it declared the law in his case, as it has done in many other cases, and which declaration of the law applies exactly

## I.

Sibla chose to represent himself before the district court. At a pretrial hearing, the district judge noted that a discovery motion filed by Sibla related to a frivolous legal argument concerning the validity of the federal income tax scheme. The judge thoroughly admonished Sibla that similar challenges to the federal tax laws had been routinely rejected by the courts and that Sibla would be "in great trouble in connection with the defense of this case," if he relied on that argument.[1]

Alleging that the judge's remarks demonstrated prejudice, Sibla filed a motion and accompanying affidavit pursuant to 28 U.S.C. § 144, requesting the judge to recuse himself. The district judge denied the motion on the ground that the affidavit was insufficient on its face because it did not state grounds for recusal.

Sibla waived his right to a jury trial, and the case was tried before the district judge largely on stipulated facts. As his sole defense, Sibla read a prepared statement in which he argued that the "warrants" or "credit" in which his wages were paid did

in your case. He should have been sent to jail, and anyone else who finds himself convicted of similar charges having asserted the kinds of defense he has asserted, and which the record indicates you are attempting to assert, ought to go to jail. It ought to be a lesson to you, to him, and to all other so-called protesting taxpayers that the frivolous position taken is one that will not be tolerated.

Now, the Government has furnished everything to you that you are entitled to in your motion for discovery in this case, and it is a frivolous course of action on your part in which you ask that the Government, for example, answer the question as to whether the dollar symbol means exactly the same thing as it did in the first income tax act as passed by Congress. It is an affront to the government, to the Internal Revenue Service, and it is an affront to this Court, and you are on notice right now that you are going to be in great trouble in connection with the defense of this case if you persist in frivolity of this sort, quite apart from the merits of the lawsuit and quite apart from the question of whether you are either acquitted or convicted in this case.

not constitute taxable "dollars." Sibla was convicted on both counts.

Sibla contends on appeal that, even if the district judge properly denied his section 144 motion, the judge should have recused himself pursuant to 28 U.S.C. § 455(a).

## II.

This appeal raises several questions concerning the interrelation between sections 144 and 455 of title 28. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455 provides in relevant part:

> (a) Any . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party . . . .

■ The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1), and the decisions interpreting this language in section 144 are controlling in the interpretation of section 455(b)(1). *United States v. Olander*, 584 F.2d 876, 882 (9th Cir. 1978); *see United States v. Carignan*, 600 F.2d 762, 764 (9th Cir. 1979). Consequently, a motion properly brought pursuant to section 144 will raise a question concerning recusal under section 455(b)(1) as well as section 144.

■ Sibla urges this court to find separate grounds for recusal under section 455(a) independent of the provisions of sections 144 and 455(b)(1). However, we have ruled that section (b)(1) simply provides a specific example of a situation in which a judge's "impartiality might reasonably be questioned" pursuant to section 455(a). *Olander*, 584 F.2d at 882. Sibla has not alleged grounds for recusal other than those relating to bias or prejudice stemming from the district judge's courtroom remarks. Therefore, the question before this court is whether the district judge erred in refusing to recuse himself for personal bias or prejudice pursuant to section 144 or section 455(a) & (b)(1). The same substantive standard will be applied to each section.

■ Although the substantive test for bias or prejudice is identical in sections 144 and 455, the procedural requirements of the two sections are different. A brief discussion of those procedures is necessary for a full understanding of Sibla's rights on appeal in this case.

Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. *See Blum v. Gulf Oil Corp.*, 597 F.2d 936, 938 (5th Cir. 1979); *United States v. Azhocar*, 581 F.2d 735, 738–40 (9th Cir. 1978), *cert. denied*, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979); *United States v. Bennett*, 539 F.2d 45, 51 (10th Cir.), *cert. denied*, 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293 (1976). If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits. *Azhocar*, 581 F.2d at 738.

■ Section 455, on the other hand, sets forth no procedural requirements. That section is directed to the judge, rather than the parties, and is self-enforcing on the part

of the judge. *Davis v. Board of School Commissioners*, 517 F.2d 1044, 1051 (5th Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). Moreover, section 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on a case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself. *See, e. g., Nicodemus v. Chrysler Corp.*, 596 F.2d 152, 157 & n.10 (6th Cir. 1979).

■ In light of the difference in procedures for sections 144 and 455, it is apparent that the two sections are not redundant but are complementary, even when the only ground for recusal alleged is bias or prejudice. A party desiring referral to a second judge upon a determination of legal sufficiency may invoke the provisions of section 144 by filing a motion under that section accompanied by a timely and sufficient affidavit. Such a motion should also prompt the judge to whom the motion is directed to determine independently whether all the circumstances call for recusal under the self-enforcing provisions of section 455(a) & (b)(1), a matter which rests within the sound discretion of the judge, *United States v. Schreiber*, 599 F.2d 534, 536 (3d Cir.), *cert. denied*, 444 U.S. 843, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979). Thus, section 455 modifies section 144 in requiring the judge to go beyond the section 144 affidavit and consider the merits of the motion pursuant to section 455(a) & (b)(1).

■ The net result is that a party submitting a proper motion and affidavit under section 144 can get two bites of the apple. If, after considering all the circumstances, the judge declines to grant recusal pursuant to section 455(a) & (b)(1), the judge still must determine the legal sufficiency of the affidavit filed pursuant to section 144. If that affidavit is sufficient on its face, the motion must be referred to another judge for a determination of its merits under section 144.

The failure of a party to inform the judge of the party's belief that grounds for recusal exist will significantly affect the appellate standard of review of the judge's failure to recuse himself or herself. Of course, if the motion and affidavit required by section 144 is not presented to the judge, no relief under section 144 is available. *E. g., Blum*, 597 F.2d at 938. On the other hand, failure to move for recusal at the trial level does not preclude raising on appeal the issue of recusal under section 455. *See SCA Services, Inc.*, 557 F.2d at 117; *Schreiber*, 599 F.2d at 539 (Seitz, J., concurring). Nonetheless, if no motion is made to the judge, or if a conclusory motion is made without reference to specific facts allegedly creating grounds for relief, a party will bear a greater burden on appeal in demonstrating that the judge committed reversible error in failing to grant recusal under section 455. In those circumstances, the reviewing court must determine whether the district court erred in failing *sua sponte* to recognize obvious grounds for recusal under section 455 and to grant recusal pursuant to that section. *Cf. Schreiber* (using plain error standard).

### III.

■ We note that the district judge properly rejected Sibla's request for recusal pursuant to 28 U.S.C. § 144. An affidavit filed pursuant to that section is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source. *See Carignan*, 600 F.2d 762; *Azhocar*, 581 F.2d 735, 738–40. The motion and affidavit filed by Sibla contain only Sibla's conclusions and are devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source. Consequently, the district judge correctly rejected the motion and affidavit as legally insufficient. *See id.; Bennett*, 539 F.2d at 51.

The motion and affidavit filed by Sibla were adequate to trigger the judge's responsibility to view all the circumstances and exercise his discretion on the merits of the motion pursuant to section 455(a) &

(b)(1), subject to full appellate review for an abuse of that discretion.[2] Although it appears that the judge in denying Sibla's motion solely on the grounds of insufficiency of the affidavit did not exercise his discretion pursuant to section 455, this does not constitute reversible error. The record clearly shows that no grounds for recusal under section 455 exist.

As with section 144, the provisions of section 455(a) & (b)(1) require recusal only if the bias or prejudice is directed against a party and stems from an extrajudicial source. *Carignan*, 600 F.2d at 764; *Davis*, 517 F.2d at 1052. In the district judge's statement to Sibla, he stated that a particular defense, challenging the monetary system and the federal tax laws, had been held to be meritless, and that Sibla would suffer adverse consequences if he relied solely on that defense. The district court correctly characterized Sibla's defense as legally frivolous. *See, e. g., Stuart v. Department of Finance and Administration*, 598 F.2d 1115 (8th Cir. 1979); *United States v. Wangrud*, 533 F.2d 495 (9th Cir.), *cert. denied*, 429 U.S. 818, 97 S.Ct. 64, 50 L.Ed.2d 79 (1976). It was entirely proper for the district judge to inform Sibla of the manner in which frivolous claims would be viewed by the judiciary. *See generally United States v. Driscoll*, 612 F.2d 1155, 1156 & n.1 (9th Cir. 1980). The judge's comments did not create reasonable grounds for questioning his impartiality.

The district judge did not err in denying Sibla's motion for recusal. The judgment of the district court is affirmed.

---

**2.** Sibla's motion to the district court did not expressly invoke the provisions of section 455. However, section 455 is self-enforcing on the part of the judge, and Sibla's claim of judicial bias or prejudice was sufficient to raise the issue of recusal under section 455(a) & (b)(1). Because the issue was raised in the district court, we need not decide whether grounds for recusal of a trial judge under section 455 may be raised for the first time on appeal. *Compare*

*United States v. IBM Corp.*, 618 F.2d 923 at 932–933 (2d Cir. 1980) (suggesting an implicit timeliness requirement in section 455) *with SCA Services, Inc. v. Morgan*, 557 F.2d 110, 117 (7th Cir. 1977) (no timeliness requirement) *and United States v. Schreiber*, 599 F.2d 534 (3d Cir.), *cert. denied*, 444 U.S. 843, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979) (using plain error standard).