862 F.2d 320
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James CONSTANT, Plaintiff-Appellant,
v.
ADVANCED MICRO-DEVICES, INC.; Gould, Inc.; American
Microsystems, Inc.; Analog Devices, Inc.; Fujitsu, Ltd.;
Fujitsu Microelectronics, Inc.; Digital Switch, Inc.;
Granger Associates, Inc.; Hitachi Corporation; Intel,
Inc.; Interactive Circuits & Sys Ltd.; Matshushita
Electronics Corp.; Computer Modules, Inc.; Nippon Electric
Co., Ltd.; Nec Electronics USA; Paradyne Corporation;
Semiconductor Products; Texas Instruments, Inc.; and TRW,
Inc., Defendants-Appellees.
 No. 88-1414.
 United States Court of Appeals, Federal Circuit.
 Oct. 11, 1988.
 
 Before EDWARD S. SMITH, NIES and PAULINE NEWMAN, Circuit Judges.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 James Constant (Constant) appeals the "Order Granting Defendants' Motion to Retax Costs and Denying Plaintiff's Motion to Dismiss and Disallow Costs and for Sanctions" of the United States District Court for the Central District of California in Constant v. Advanced Micro-Devices, Inc., No. 85-0262-SVW (C.D.Cal. filed May 10, 1988). We affirm.
 
 OPINION
 
 2
 Constant mounts a 12-point attack on the district court's order. These 12 points, however, only provide us with 3 main issues: (1) whether the district court abused its discretion in refusing to recuse itself from presiding over the parties' motions; (2) whether the constitution prohibits a federal court from adjudicating the validity of a patent; and (3) whether the district court abused its discretion in its taxation of costs against Constant.
 
 
 3
 A. Failure to Recuse Was Not an Abuse of Discretion.
 
 
 4
 Constant argues to us that, because Judge Wilson was named by Constant as a defendant in a fraud suit relating to this case, Judge Wilson abused his discretion by not recusing himself from presiding over this proceeding. Constant, citing United States v. Sibla, 624 F.2d 864 (9th Cir.1980), contends that judges have a duty to recuse themselves if they become aware of grounds for recusal. We have no argument with the rule contended for; however, the record facts do not give rise to such a duty.
 
 
 5
 Under the law of the United States Court of Appeals for the Ninth Circuit, the law that controls our review of this issue, see Panduit Corp. v. All States Plastic Mfg. Co., 744 F.2d 1564, 1575, 223 USPQ 465, 471 (Fed.Cir.1984), a judge need not recuse himself merely because a litigant sues or threatens to sue him. See United States v. Studley, 783 F.2d 934, 940 (9th Cir.1986); Ronwin v. State Bar of Arizona, 686 F.2d 692, 701 (9th Cir.1981). Here, as determined by Judge Wilson, the existence of the fraud suit did not provide grounds for recusal. Indeed, as subsequent events proved, the whole fraud proceeding, on appeal, was deemed frivolous. See Constant v. Wilson, No. 88-1195 (Fed.Cir. Aug. 25, 1988).
 
 
 6
 B. A District Court Is Not Constitutionally Precluded from Adjudicating the Validity of a Patent.
 
 
 7
 Constant contends both that the Constitution may prohibit a district court from performing the "Patent Office function under 35 USC 302 et seq. (distinct from reviewing acts of the Patent Office)" and that 35 U.S.C. Sec. 282 is unconstitutional. These contentions merely are a reworded version of the argument Constant presented to us in Constant v. Advanced Micro-Devices, Inc., 848 F.2d 1560, 7 USPQ2d 1057 (Fed.Cir.1988), that the Constitution prohibits a district court from adjudicating the validity of a patent. Because this argument already has been rejected by this court, id. at 1563-65, 7 USPQ2d at 1058-60, we do not address it here.
 
 
 8
 C. The District Court Did Not Abuse Its Discretion in Awarding Costs.
 
 
 9
 With respect to the specific costs awarded by the district court to the appellees, Constant relies on the same arguments he made to the district court in response to appellees' motions for costs. The court below rejected these arguments and we cannot hold that it was an abuse of discretion to do so.
 
 
 10
 The appellees were the prevailing party in the patent infringment action brought by Constant and, as such, were entitled to costs, pursuant to the local rules of the district court. We cannot disturb that court's allowance of such costs unless we determine that it abused its discretion. See Syntex Ophthalmics, Inc. v. Novicky, 795 F.2d 983, 986, 230 USPQ 427, 430 (Fed.Cir.1986). On the record before us, we discern no abuse of discretion.