120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reginald JOE, Plaintiff-Appellant,
v.
CITY OF TUCSON; Officer Conto; Officer Pryor; Officer
Kirk; Officer Valenzuela; Tucson Police
Department, Defendants-Appellees.
 No. 96-16036.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 17, 1997.
 
 Before HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Reginald Joe, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of the City of Tucson and several of its officials in his 42 U.S.C. § 1983 action alleging Fourth, Fifth, and Fourteenth Amendment violations during his stop and arrest for possessing a narcotic drug and drug paraphernalia. Joe's subsequent conviction for possessing drug paraphernalia was overturned by the Arizona Superior Court on a petition for post-conviction relief. Joe contends that the defendants violated his civil rights and are not entitled to qualified immunity. Joe also contends that relitigation of his fourth amendment claims is precluded by the state-court judgment overturning his conviction. Finally, Joe contends that the district judge should have recused himself for bias. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both a district court's grant of qualified immunity and summary judgment. See May v. Baldwin, 109 F.3d 557, 560-61 (9th Cir.1997).
 
 
 3
 A. Civil Rights Claims and Qualified Immunity
 
 
 4
 We affirm the district court's order, filed on April 15, 1996, granting summary judgment to the defendants on Joe's Fourth Amendment claims to the extent the district court relied on qualified immunity. We affirm the summary judgment of Joe's Fifth, Fourteenth, and municipal liability claims for the reasons stated in the district court's order.
 
 B. Preclusion
 
 5
 Joe contends that the Arizona Superior Court's grant of post-conviction relief precludes the defendants from relitigating his Fourth Amendment claims. His contention lacks merit.
 
 
 6
 We review de novo whether collateral estoppel or res judicata precludes this action. See Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 284 (9th Cir.1997). We apply Arizona state law to determine the preclusive effect of the state-court judgment. See id. at 283.
 
 
 7
 Under Arizona law, collateral estoppel precludes the litigation of issues previously litigated if: (1) the issue was actually litigated in a previous proceeding; (2) there was a valid and final decision on the merits; (3) resolution of the issue was essential to the decision; (4) there is common identity of the parties; and (5) there was a full and fair opportunity to litigate the issue. See id. at 284.
 
 
 8
 Here, the Arizona Superior Court granted Joe's petition for post-conviction relief on the grounds that "[n]either the grand jury nor trial transcript provid[e] a sufficient factual basis for the stop of the vehicle." In other words, the Arizona Superior Court determined that the officers lacked articulable suspicion to stop the vehicle in which Joe was a passenger.[1] By contrast, the question at issue for qualified immunity is whether an officer could reasonably believe that his conduct is lawful. See Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir.1991) ("[R]egardless of whether the constitutional violation occurred, the officer should prevail if ... the officer could have reasonably believed that his particular conduct was lawful."); see also Act Up!/ Portland v. Bagley, 988 F.2d 868, 872 (9th Cir.1993) ("[E]ven officers who mistakenly conclude that reasonable suspicion is present are entitled to immunity so long as that conclusion is objectively reasonable."). Because the issue of whether the defendant officers could reasonably believe that their conduct is lawful was not actually litigated in the Arizona Superior Court proceeding, collateral estoppel does not bar litigation of the qualified immunity question in Joe's section 1983 suit. See Sunkist Growers, Inc., 104 F.3d at 284. Likewise, res judicata does not apply because the petition for post-conviction release involves a different cause of action than Joe's action for tort damages under section 1983. See id. at 283-84.
 
 
 9
 Accordingly, the post-conviction relief order does not preclude affirmance of the district court's summary judgment of Joe's Fourth Amendment claims on qualified immunity grounds.
 
 C. Recusal
 
 10
 In an "Affidavit of Disqualification," which forms part of Joe's appendix to his appellate opening brief, Joe contends for the first time on appeal that the district judge should have recused himself pursuant to 28 U.S.C. §§ 144 & 455. Because Joe failed to file a timely motion and affidavit in the district court, relief under section 144 is unavailable. See United States v. Sibla, 624 F.2d 864, 867 (9th Cir.1980) ("Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit."). Assuming arguendo that Joe's section 455 claims are properly before us, we conclude that Joe failed to show grounds for disqualification of the judge. See id. at 869 n. 2; Palila v. Hawaii Dep't of Land and Natural Resources, 852 F.2d 1106, 1110 n. 7 (9th Cir.1988).
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although the Arizona Superior Court's order does not offer a legal explanation for its conclusion, we assume for purposes of this analysis that the Arizona Superior Court applied federal law under Terry v. Ohio, 392 U.S. 1 (1968). See, e.g., State v. Richcreek, 930 P.2d 1304, 1306 (Ariz.) (in banc) (applying Terry to lawfulness of police stop), cert. denied, 65 U.S.L.W. 3819 (1997)