**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Elmer H. THOMASSEN; Joan**
**Thomassen, Defendants–**
**Appellants.**

No. 99–56808.

D.C. No. CV–78–01731–R.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2001 [1].

Decided Feb. 22, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

orders were limited to the government's *in rem* rights against its pre-petition property interests, *cf. Isom v. United States, (In re Isom)*, 901 F.2d 744, 746 (9th Cir.1990), the district court properly denied the Thomassens' motion to vacate the renewal of the judgment orders.

■ We also disagree with the Thomassens' contention that Judge Real should have been disqualified from this case. The Thomassens failed to show that Judge Real was biased against them from an extrajudicial source. *See United States v. Sibla*, 624 F.2d 864, 868 (9th Cir.1980).

The Thomassens' other contentions are without merit.

AFFIRMED.

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

### MEMORANDUM [2]

■ Elmer and Joan Thomassen appeal pro se the district court's order denying their motion to vacate its renewal of judgment orders which the district court had granted due to the Thomassens' 1979 tax deficiency. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the legal question whether the discharge in bankruptcy affected the judgment lien, *see United States v. Hemmen*, 51 F.3d 883, 886 (9th Cir.1995), and we affirm.

■ The Thomassens contend that the 1979 judgment orders, which were renewed in 1989, were discharged by their 1991 bankruptcy discharge order. We disagree. Because the renewal of judgment

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.