**UNITED STATES OF AMERICA,
Plaintiff–Appellee,**

v.

**Dale Thomas KLOCK, Defendant–
Appellant.**

No. 00–30218.

D.C. No. CR–99–00070–CCL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 2001.

Decided April 16, 2001.

Before WOOD, JR.,* TROTT, and PAEZ, Circuit Judges.

### MEMORANDUM **

In this appeal, Appellant Dale "Tom" Klock contends that the district judge erred by: (1) refusing to recuse himself from the proceedings; and (2) allowing a government witness to provide the jury with inadmissible hearsay statements and highly prejudicial testimony. We have jurisdiction pursuant to 28 U.S.C. § 1291 (2000), and we affirm.

Because the parties are familiar with the facts of this case, we recount them here only where necessary to explain our decision.

### 1. Recusal

■ We review the district judge's decision not to recuse himself under 28 U.S.C. § 144 and 28 U.S.C. § 455 for an abuse of discretion. *See United States v. Hernandez,* 109 F.3d 1450, 1453 (9th Cir.1997). The district judge appropriately exercised his discretion in refusing Klock's motion to recuse.

As required by § 455, the judge made a personal, independent assessment of whether a reasonable person could question his impartiality. The district judge concluded that a disinterested person would not question his impartiality based

solely on the fact that the Montana Freemen had previously filed a lien on his property. This conclusion was not an abuse of discretion. *See United States v. Studley,* 783 F.2d 934, 940 (9th Cir.1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him.").

■ As required by § 144, the district judge assessed Klock's affidavit, determined that it was insufficient on its face to support recusal, and therefore declined to refer the motion to another judge. This was not an abuse of discretion. Klock's affidavit was legally insufficient because it failed to "specifically allege[ ] facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *United States v. Sibla,* 624 F.2d 864, 868 (9th Cir.1980).

### 2. Agent Healy's Testimony

We review the district judge's evidentiary rulings for an abuse of discretion. *See United States v. Manning,* 56 F.3d 1188, 1196 (9th Cir.1995).

■ The district judge appropriately exercised his discretion in determining that Agent Healy's testimony was not hearsay. It is true that Agent Healy related out-of-court statements made by Freemen instructors. However, those statements were not offered for the truth of the matter asserted. *See* FED.R.EVID. 801. Instead, they were offered to show their effect on the seminar attendees' good faith belief in the validity of the lien process and the certified money orders. For example, the government offered Agent Healy's testimony that the Freemen instructors warned seminar attendees of the potential of being arrested for negotiating the certified money orders not to prove that the

---

* The Honorable Harlington Wood, Jr. Senior Circuit Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

attendees would, in fact, be arrested, but rather to show that someone who heard such a statement would not have formed a good faith belief in the instrument's validity.

■ Further, the district judge did not abuse his discretion in concluding that Agent Healy's testimony was not substantially more prejudicial than probative. *See* FED.R.EVID. 403. Agent Healy's testimony about the instruction he received at a 1996 Freemen seminar was probative insofar as it undercut Dr. Todd's expert opinion that some seminar attendees formed a good faith belief in the financial instruments. On the other side of the scale, Agent Healy's testimony was not highly prejudicial. Although he did mention firearms and a general militaristic atmosphere, that information was offered only as background to explain why Agent Healy had to go undercover to investigate the Freemen seminars.

AFFIRMED.