**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert D. LATTMAN, Defendant–**
**Appellant.**

No. 00–55007.

D.C. No. CR–95–01860–JNK
CV–99–00914–JNK.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2002 *.

Decided April 15, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**480**

Before BROWNING, KLEINFELD and GOULD, Circuit Judges.

MEMORANDUM **

Robert D. Lattman, a federal prisoner, appeals pro se the district court's denial of his motion for recusal accompanying his 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Lattman contends that the district court was required to recuse itself from hearing his section 2255 motion. We review a district judge's denial of a motion to recuse for abuse of discretion. *See United States v. Payne*, 944 F.2d 1458, 1476 (9th Cir. 1991).

Lattman contends that the plain language of 28 U.S.C. § 144 required the district court to recuse itself. We disagree. Recusal is required only after the filing of a timely and legally sufficient affidavit. *See United States v. Sibla*, 624 F.2d 864, 867 (9th Cir.1980). Lattman's affidavit was not legally sufficient because it did not specifically allege "facts that fairly support the contention that the judge exhibit[ed] bias or prejudice directed toward a party" stemming from an extrajudicial source. *Id.* at 868.

The district court did not abuse its discretion in determining that Lattman's conclusions and allegations did not merit referral to another judge. *See United States*

R.App. P. 34(a)(2). Lattman's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The district court certified three other issues which Lattman chose not to brief to this court. Accordingly, those issues are now abandoned. *See Wilcox v. Commissioner of*

*v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978).[1]

AFFIRMED.

*Internal Revenue*, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988).

