MEMORANDUM **
Michael Baird Jordan appeals from the district court’s denial of his recusal motion and his motion to suppress statements allegedly made in violation of his Miranda rights. The facts are known to the parties and need not be repeated here, except as necessary to explain our decision.
We review a district court’s denial of a recusal motion for abuse of discretion. See Leslie v. Grupo ICA, 198 F.3d 1152, 1157 (9th Cir.1999). Because Jordan challenged nothing more than the district court’s adverse credibility finding with respect to his testimony, his affidavit failed to present a legally sufficient ground for recusal under 28 U.S.C. § 144. See United States v. Sibla, 624 F.2d 864, 867 (9th Cir.1980). Accordingly, referral to another judicial officer was not necessary. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir.1999).[1]
On de novo review, see United States v. Reilly, 224 F.3d 986, 992 (9th Cir.2000), we conclude that the exchange between Erickson and Jordan falls within the public safety exception to the Miranda rule as it was prompted by “an objectively *441 reasonable need to protect the police or the public from any immediate danger.” New York v. Quarles, 467 U.S. 649, 659 n. 8, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984); United States v. Brady, 819 F.2d 884, 887-88 (9th Cir.1987); see also Allen v. Roe, 305 F.3d 1046, 1051 (9th Cir.2002); United States v. DeSantis, 870 F.2d 536, 539 (9th Cir.1989).
Under United States v. Rodriguez, 518 F.3d 1072, 1080 (9th Cir.2008), police officers were required to clarify whether Jordan’s “ruminations” were an invocation of his right to remain silent. However, given the overwhelming evidence of Jordan’s guilt, any error was “harmless beyond a reasonable doubt.” See Chapman v. California, 386 U.S. 18, 22-23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); see also Milton v. Wainwright, 407 U.S. 371, 377-78, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972).
AFFIRMED; MOTION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Jordan's pro se Motion to Seek Relief of December 3, 2008, is DENIED. The panel has not received a withdrawal motion from Jordan’s counsel. Moreover, the motion raises new arguments not presented in the opening brief. See Paladin Assocs., Inc. v. Mont. Power Co., 328 F.3d 1145, 1164 (9th Cir. 2003). Even if we were to consider the merits of his claims, the district judge did not abuse her discretion in declining to recuse herself for an association with the Lake Oswego Police Department that ended nearly a decade prior to this litigation.