FILED

NOT FOR PUBLICATION

OCT 04 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID SCOTT HARRISON, | No. 10-56462 |
| Petitioner - Appellant, | D.C. No. 3:09-cv-01792-DMS |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

David Scott Harrison appeals from the district court's judgment denying his petition for a writ of coram nobis. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Harrison seeks to challenge his 1988 guilty-plea convictions under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

18 U.S.C. § 844(i) on the ground that the van and boat involved in his case bore an insufficient relation to interstate commerce under *Jones v. United States*, 529 U.S. 848 (2000), a claim that he has previously advanced in habeas petitions brought under 28 U.S.C. § 2241.

Harrison contends that the district court erred by failing to rule on his motion under 28 U.S.C. §§ 144 and 455 to disqualify all of the judges of the Southern District of California for bias or prejudice. The district court did not commit reversible error by failing to rule on the motion for recusal, as Harrison's allegations of bias on the part of Judge Sabraw were insufficient to support the conclusion that Judge Sabraw's "impartiality might reasonably be questioned." 28 U.S.C. § 455; *see* 28 U.S.C. § 144; *United States v. Sibla*, 624 F.2d 864, 867-69 (9th Cir. 1980).

As to the merits of his appeal, the district court did not err in denying coram nobis relief, as Harrison's federal parole is still pending, and as we have previously ruled that he could have presented his *Jones* claim in his first collateral challenge to his conviction. *See Matus-Leva v. United States*, 287 F.3d 758, 760-61 (9th Cir. 2002) (coram nobis relief inappropriate where petitioner is still subject to a federal sentence or where a remedy under section 2255 is or was at one time available); *Harrison v. Ollison*, 519 F.3d 952, 960-61 (9th Cir. 2008).

**AFFIRMED.**