NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARL ANDERS ECKSTROM, | No. 17-55766 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-08560-TJH-AS |
| v. | MEMORANDUM[*] |
| JEFFREY A. BEARD, in his individual and official capacity as Secretary of Agency CDCR; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Submitted November 15, 2017[**]

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Carl Anders Eckstrom, a California state prisoner, appeals pro se from the

district court's judgment dismissing his action brought under 42 U.S.C. § 1983 and

the Religious Land Use and Institutionalized Persons Act ("RLUIPA") alleging

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

that defendants interfered with the practice of his religion. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A, *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012), and we affirm.

The district court properly dismissed Eckstrom's First Amendment free exercise and RLUIPA claims stemming from the prison's book policy because Eckstrom failed to allege facts sufficient to show that the policy placed a substantial burden on his religious exercise. *See Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015) (elements of a RLUIPA claim); *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004) (under RLUIPA, a limitation of religious practice "must impose a significantly great restriction or onus upon such exercise"); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (explaining that in order to reach the level of a constitutional violation, "the interference with one's practice of religion must be more than an inconvenience" and that the burden on the religious practice must be substantial), *abrogated on other grounds as recognized in Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

The district court properly dismissed Eckstrom's due process claim arising from Eckstrom's request for an interview in connection with this grievance because prisoners do not have a "constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

The district court did not abuse its discretion in denying leave to amend because amendment would have been futile. *See Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144-45 (9th Cir. 2015) (standard of review and explaining that futility is a proper basis for denying leave to amend).

The district court did not abuse its discretion in denying Eckstrom's motions for disqualification because Eckstrom failed to establish grounds for recusal. *See* 28 U.S.C. § 455 (listing circumstances requiring recusal); *United States v. Sibla*, 624 F.2d 864, 868-69 (9th Cir. 1980) (setting forth standard of review and denying motion for recusal under § 455 where the motion was not supported by facts regarding personal bias stemming from an "extrajudicial source"); *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (adverse rulings alone are insufficient to demonstrate judicial bias).

Eckstrom's motion under Rule 24(c) of the Federal Rules of Appellate Procedure for "leave to use original record" (Docket Entry No. 11) is granted.

**AFFIRMED.**