NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD I. FINE; MARYELLEN OLMAN-FINE, | No. 16-56004 |
| Plaintiffs-Appellants, | D.C. No. 2:16-cv-02263-RGK-JPR |
| v. | MEMORANDUM* |
| GREGORY FUNDING, LLC, an Oregon Limited Liability Corporation; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Richard I. Fine and Maryellen Olman-Fine appeal pro se from the district

court's order dismissing their action alleging violations of the Fair Debt Collection

Practices Act ("FDCPA") and state law. We have jurisdiction under 28 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review for an abuse of discretion the denial of leave to amend. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). We affirm.

The district court did not abuse its discretion by dismissing the Fines' complaint without leave to amend because amendment would be futile. *See id.* at 1041 (dismissal without leave to amend is proper when amendment would be futile); *see also* 15 U.S.C. § 1692a(6) (defining "debt collector" under FDCPA as one who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"); *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013) (to state an FDCPA claim, a plaintiff must plead facts showing that debt collection is more than some of a defendant's business); *Ho v. ReconTrust Co., NA*, 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure . . . are not attempts to collect 'debt' as that term is defined by the FDCPA."); *id.* at 574 n.7 (a disclaimer in a notice of trustee's sale is not sufficient to show that a party is a debt collector).

The district court did not abuse its discretion by denying the Fines' motion for reconsideration because the Fines failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under

Fed. R. Civ. P. 59(e)).

We lack jurisdiction to consider the district court's order denying the Fines' emergency motion to set aside the foreclosure trustee's sale and to stay the case pending appeal because the Fines failed to file a new or amended notice of appeal from that order. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

The district court did not err by failing to recuse itself sua sponte because the Fines failed to establish extrajudicial bias or prejudice. *See* 28 U.S.C. § 455; *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) (setting forth standard of review); *see also Clemens v. U.S. Dist. Court for Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (test for disqualification of judge under § 455(a)).  We reject as unsupported by the record the Fines' contentions concerning bias, ethical violations and due process violations by the district judge.

We do not consider matters not properly raised before the district court, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees Gregory Funding, LLC, Selene Finance, LLC, and U.S. Bank National Association's request for judicial notice (Docket Entry No. 23) is denied.

**AFFIRMED.**