NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY PEOPLES, Jr., | No. 16-17348 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-01281-CRB |
| v. | |
| RICHARD B. MACK, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted August 15, 2018[**]

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

California state prisoner Timothy Peoples, Jr., appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2004). We affirm.

The district court properly granted summary judgment because Peoples failed to raise a genuine dispute of material fact as to whether defendant Mack was deliberately indifferent in his treatment of Peoples's health conditions. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court did not abuse its discretion by denying Peoples's motion for recusal because Peoples failed to establish extrajudicial bias or prejudice. *See* 28 U.S.C. § 455; *United States v. Sibla*, 624 F.2d 864, 869 (9th Cir. 1980) (setting forth standard of review); *see also Clemens v. U.S. Dist. Court for Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (test for disqualification of judge under § 455(a)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as without merit Peoples's contentions regarding the district court's jurisdiction and defendant Mack's waiver of his right to reply to the action.

**AFFIRMED.**