NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEHAN ZEB MIR, M.D., | No. 17-56576 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-02340-GPC-AGS |
| v. | |
| SHARON LEVINE, M.D., et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted December 14, 2018[**]

Before:    TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Jehan Zeb Mir, M.D., appeals pro se from the district court's summary

judgment and dismissal order in his 42 U.S.C. § 1983 action alleging claims in

connection with the Medical Board of California's ("Medical Board") revocation

of his license to practice medicine.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and summary judgment, *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir. 1994). We affirm.

The district court properly granted summary judgment on Mir's lack of due process claim. Mir, who was represented by counsel, had a thirteen-day administrative hearing under procedures set forth in the California Code of Regulations and the California Business and Professions Code. California law provides a means for redressing incorrect administrative decisions through a motion for reconsideration and an appeal to the state courts. There are no facts suggesting that this process was inadequate. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (citation and internal quotation marks omitted)).

Contrary to Mir's contentions, the district court did not err in denying his motion for summary judgment on his lack of due process claim because Mir failed to establish that he was entitled to judgment as a matter of law. *See Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011) ("Where the parties file

2                                                                          17-56576

cross-motions for summary judgment, the court must consider each party's evidence, regardless under which motion the evidence is offered.").

The district court properly concluded that issue preclusion bars Mir from relitigating the allegedly incorrect factual findings of the administrative law judge because (a) the Medical Board acted in a judicial capacity; (b) the Medical Board resolved disputed issues of fact that were properly before it; (c) Mir had an adequate opportunity to litigate his claims; and (d) the proceeding and this action are between the same parties and involve the same primary right, specifically the right of Mir to hold a medical license in California. *See Miller*, 39 F.3d at 1032–33 (explaining the requirements for giving an administrative agency's decision preclusive effect under California law). Contrary to Mir's contentions, the district court did not err in concluding that the state proceedings were final.

Because Mir has not shown prejudice arising from defendants' not having raised the defense of collateral estoppel until summary judgment, the district court did not err in concluding that the defense was not waived. *See Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993) (absent prejudice, an affirmative defense may be raised for the first time at summary judgment).

The district court properly dismissed Mir's equal protection claim because

Mir failed to allege facts sufficient to show discrimination. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (setting forth elements of an equal protection "class of one" claim); *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998) (§ 1983 equal protection claim must allege facts that are at least susceptible to an inference of intentional discrimination); *Hebbe*, 627 F.3d at 341–42 (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

The district court properly dismissed Mir's claim under the Health Care Quality Improvement Act ("HCQIA") because, even assuming a private right of action by physicians under the statute, individual board members, are not subject to the standards for "professional review actions" set forth in the HCQIA. 42 U.S.C. §§ 11112 (standards) and 11151 (definitions).

The district court did not abuse its discretion in denying Mir's request for disqualification of Judge Curiel because Mir failed to establish grounds for recusal. *See* 28 U.S.C. § 455 (listing circumstances requiring recusal); *United States v. Sibla*, 624 F.2d 864, 868–69 (9th Cir. 1980) (setting forth standard of review and denying recusal under § 455 where the motion was not supported by facts regarding personal bias stemming from an "extrajudicial source").

4

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983–85 n.2 (9th Cir. 2009).

Mir's motion to allow oral argument (Docket Entry No. 27) is denied.

**AFFIRMED.**