NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFRED E. CARAFFA, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA; et al., <br><br> Defendants-Appellees. | No. 20-16653 <br><br> D.C. No. 2:20-cv-00774-MTL-ESW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted September 14, 2021[**]

Before:     PAEZ, NGUYEN, and OWENS, Circuit Judges.

Alfred E. Caraffa appeals pro se from the district court's judgment

dismissing this 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971) action alleging constitutional

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Caraffa's action because defendants were either entitled to immunity or were not properly named. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (explaining that a *Bivens* action is only available against federal officers, not against the United States); *Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (recognizing that the Maricopa County Sheriff's Office is not a proper defendant in a § 1983 action); *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir. 2004) (explaining judicial immunity); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003) (explaining Eleventh Amendment immunity).

The district court did not abuse its discretion in denying Caraffa's request to recuse Judge Liburdi because Caraffa failed to file an affidavit alleging bias or establish extrajudicial bias or prejudice. *See* 28 U.S.C. § 455 (setting forth circumstances requiring recusal); *United States v. Sibla*, 624 F.2d 864, 869 (9th Cir. 1980) (setting forth standard of review).

The district court did not abuse its discretion in denying Caraffa's motion to consolidate. *See Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) (setting forth standard of review and explaining that a district court has broad discretion to consolidate actions).

20-16653

The district court did not abuse its discretion in denying Caraffa's motion for default judgment. *See* Fed. R. Civ. P. 55 (outlining elements of default and default judgment); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1981) (setting forth standard of review and factors for determining whether to enter default judgment).

We reject as unsupported by the record Caraffa's contentions that the district court improperly denied in forma pauperis status, failed to grant leave amend, failed to consider Caraffa's exhibits or evidence, included extraneous documents in the case file, or failed to serve documents.

Caraffa's pending motions are denied.

**AFFIRMED.**