**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LEE MICHAEL BEITMAN,

          Plaintiff-Appellant,

  v.

CORRECT CARE SOLUTIONS, LLC,
Contracted Healthcare Provider at ASPC
Kingman/Huachuca Unit, previously
named Correct Clear Solutions; CORIZON
HEALTH, INC., Contracted Health Care
Provider at ADOC; MARTIN
GRUENBERG; AMBER NORTON, RN,
BSN, HSA; DOROTHY IGWE, NP; D.
SCHMIT, Doctor at Kingman-Huachuca-
GEO; S. HERRICK, NP at Kingman-
Huachuca-GEO; BETTY HAHN, NP at
Florence - South Unit ASPC;
CENTURION OF ARIZONA LLC;
CHARLES L. RYAN; SCHMITT, First
name unknown, Doctor of Correct Clear
Solutions; HERRICK, First name
unknown; NP; UNKNOWN PARTIES,
John Doe 1 and 2, Healthcare Providers for
Correct Care Solutions,

          Defendants-Appellees.

No.   22-15716

D.C. No. 3:17-cv-08229-JAT

MEMORANDUM*

     * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted March 16, 2023[**]
San Francisco, California

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

Arizona prisoner Lee Michael Beitman appeals pro se from the district court's judgment imposed after a jury trial in his 42 U.S.C. § 1983 action against Defendant Nurse Practitioner Stephanie Herrick[1] regarding the medical care she provided after he was assaulted by a fellow inmate on February 1, 2016. He argues that the district court erred in allowing information about his prior convictions into evidence and in denying his motions for appointment of counsel, for discovery sanctions, and for recusal of the judge. We affirm.

The district court did not abuse its discretion in denying Beitman's motions for appointment of counsel. *See* 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc). It reasonably concluded that Beitman had little

_____

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Beitman's claims against the other defendants were resolved prior to trial, and Beitman did not appeal any rulings as to those defendants.

likelihood of success on the merits, could adequately articulate his claims, and that the issues in the case were not particularly complex. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Beitman has not identified the presence of any exceptional circumstances; the difficulties he points to are common to most pro se litigants. *See Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).

Likewise, there was no abuse of discretion[2] in the district court's admission of evidence regarding the fact of Beitman's felony convictions and the prison sentences he received. That limited evidence was properly admitted for impeachment purposes[3] and did not unfairly prejudice Beitman.[4] The jury already knew that Beitman was in prison.

The district court did not abuse its discretion[5] when it denied Beitman's motion for discovery sanctions against Defendant Herrick because of the purported destruction of some X-ray images of his injuries. *See Akiona v. United States*, 938

---

[2] *See Reese v. County of Sacramento*, 888 F.3d 1030, 1047 (9th Cir. 2018).

[3] Fed. R. Evid. 609(a)(1)(A); *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009).

[4] Fed. R. Evid. 403; *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).

[5] *See Transue v. Aesthetech Corp.*, 341 F.3d 911, 921 (9th Cir. 2003).

3

F.2d 158, 161 (9th Cir. 1991). Beitman failed to establish that the X-rays had been destroyed, let alone that they had been destroyed by Defendant Herrick or that she destroyed them despite notice of their potential relevance to litigation. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002); *Akiona*, 938 F.2d at 161.

Finally, the district court did not abuse its discretion in denying Beitman's motion for Judge Teilborg to recuse himself because of bias. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010); *see also United States v. Sibla*, 624 F.2d 864, 867–68 (9th Cir. 1980). The district court reasonably denied Beitman's motion pursuant to 28 U.S.C. § 144 because his affidavit was "devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source," and was thus insufficient. *Sibla*, 624 F.2d at 868; *see also Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994). Likewise, his motion was properly denied under 28 U.S.C. § 455 for essentially the

4

same reasons[6]: Beitman pointed to no circumstances requiring Judge Teilborg's recusal, and none is apparent in the record.[7]

**AFFIRMED.**

---

[6] *Sibla*, 624 F.2d at 867–68; *Liteky*, 510 U.S. at 555–56, 114 S. Ct. at 1157–58.

[7] We do not consider any complaint Beitman may have attempted to lodge against Judge Teilborg pursuant to 28 U.S.C. § 351(a): it was not properly before the district court and is not before us now. *See* 28 U.S.C. §§ 351(a), 352(a).