NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY C. ROTE, | No. 22-35261 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-01988-SI |
| v. | |
| COMMITTEE ON JUDICIAL CONDUCT AND DISABILITY OF THE JUDICIAL CONFERENCE OF THE UNITED STATES; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted October 10, 2023[**]

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Timothy C. Rote appeals pro se from the district court's judgment

dismissing his action under 42 U.S.C. §§1983 and 1985(3), and *Bivens v. Six*

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011) (dismissal under Federal Rule of Civil Procedure 12(b)(6)); *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) (dismissal on the basis of judicial immunity). We affirm.

The district court properly dismissed Rote's claims under 42 U.S.C. § 1985(3) because Rote failed to allege facts sufficient to show that defendants conspired to deny him equal protection of the law based on his membership in a protected class. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) (setting forth elements of a claim under § 1985(3)); *see also SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002) (explaining that a "class of one" discrimination claim requires showing a plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment").

The district court properly dismissed Rote's First Amendment retaliation and procedural due process claims against the state defendants because Rote failed to allege facts sufficient to state a plausible claim and defendant Judge Steele is entitled to absolute judicial immunity. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (explaining that although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for

relief); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to the determination of whether an act is judicial in nature and subject to absolute judicial immunity); *see also Capp v. County of San Diego*, 940 F.3d 1046, 1053-58 (9th Cir. 2019) (setting forth elements of a First Amendment retaliation claim); *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (setting forth elements of a procedural due process claim).

The district court properly dismissed Rote's claims against the federal defendants because a *Bivens* remedy is not available for his claims. *See Egbert v. Boule*, 142 S. Ct. 1793, 1803-04 (2022) (explaining that recognizing a cause of action under *Bivens* is "a disfavored judicial activity" and that the presence of an alternative remedial process precludes recognizing a *Bivens* cause of action in a new context (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Rote leave to amend his second amended complaint because Rote had already been given notice of the pleading deficiencies and an opportunity to amend, and further amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend need not be given if amendment would be futile); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (noting that a district court's discretion is particularly broad where it has already granted leave to amend).

22-35261

The district court did not abuse its discretion by denying Rote's request to recuse the judges of the District of Oregon because Rote failed to establish any ground for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *United States v. Sibla*, 624 F.2d 864, 869 (9th Cir. 1980) (setting forth standard of review).

The federal defendants' motion for judicial notice (Docket Entry No. 28) is denied as unnecessary.

Rote's motion for leave to file separate reply brief (Docket Entry No. 41) is granted. The Clerk will file the reply briefs submitted on November 28, 2022.

**AFFIRMED.**