**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD I. FINE; MARYELLEN OLMAN-FINE,

Plaintiffs-Appellants,

v.

GREGORY FUNDING, LLC, an Oregon Limited Liability Corporation; et al.,

Defendants-Appellees.

No. 17-55268

D.C. No. 2:16-cv-06608-RGK-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 13, 2018[**]

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Richard I. Fine and Maryellen Olman-Fine appeal pro se from the district

court's judgment dismissing their diversity action alleging state law claims relating

to foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for an abuse of discretion the denial of leave to amend. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). We affirm.

The district court did not abuse its discretion by dismissing the Fines' complaint without leave to amend because amendment would have been futile. *See id.* at 1041 (dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion by denying the Fines' motion to set aside judgment because the Fines failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 60(b)).

Judges Klausner and Otero did not err by failing to recuse themselves sua sponte or abuse their discretion by denying the Fines' motions for recusal because the Fines failed to establish grounds for recusal. *See* 28 U.S.C. § 455 (listing circumstances requiring recusal); *Clemens v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (test for disqualification of judge under § 455(a)); *United States v. Sibla*, 624 F.2d 864, 868-69 (9th Cir. 1980) (setting forth standard of review); *see also Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (adverse rulings alone are insufficient to demonstrate judicial bias).

17-55268

We reject as unsupported by the record the Fines' contentions that the district judges violated their due process rights.

We do not consider matters not properly raised before the district court, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees Gregory Funding, LLC, Selene Finance LP, and U.S. Bank National Association's request for costs, set forth in their answering brief, is denied without prejudice to filing a bill of costs.

Appellees Gregory Funding, LLC, Selene Finance LP, and U.S. Bank National Association's request for judicial notice (Docket Entry No. 18) is denied.

**AFFIRMED.**